**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

MALCOLM TURNER                                                            PLAINTIFF
ADC #118129

V.                                NO: 2:12CV00079 SWW/HDY

LAHAN ESTER *et al.*                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

      The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Malcolm Turner, an inmate currently incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction, filed a *pro se* complaint (docket entry #2), on May 3, 2012, naming as Defendants EARU Hearing Officer Lahan Ester, EARU Warden Danny Burl, Arkansas Department of Correction Hearing Administrator Raymond Naylor, and Arkansas Department of Correction Director Ray Hobbs.

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, he appeared in disciplinary court before Ester on June 4, 2011. Plaintiff was convicted of a violation, and sentenced to 30 days of punitive isolation, and reduced three steps in class. Plaintiff does not challenge the conviction, but asserts that he was convicted of a "Class C" rule violation, and therefore should have been sentenced to, at most, 10 days of isolation, and a one step reduction in class. Although Plaintiff appealed the sentence to the other Defendants, his appeals were fruitless.

Because Plaintiff has failed to state a claim upon which relief may be granted, his complaint should be dismissed. The allegedly improper sentence is, according to Plaintiff, the "primary and main focus" of his complaint. It appears that Plaintiff is in essence asserting that the erroneous sentence amounts to a due process violation. Even assuming that the sentence was in error, 30 days in punitive isolation does not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical

and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed); *Kennedy v. Blankenship*, 100 F.3d 640, 642-643 (8th Cir. 1996)(30 days of punitive confinement, including restrictions on mail visitation, commissary, and other privileges, is not an atypical and significant deprivation). Likewise, Plaintiff has no liberty interest in a particular classification. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction).

Additionally, Plaintiff has described no conditions which deprived him of the minimal civilized measure of life's necessities during the time he served the disciplinary sentence. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam) (same). In the absence of a due process or Eighth Amendment claim, Plaintiff is left with at most a violation of prison policy, which is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).[1] In other words, the departure from Arkansas Department of Correction regulations in disciplinary sentencing that

---

[1] Plaintiff's complaint also vaguely asserts an equal protection violation, but provides no factual allegations from which an equal protection violation could be inferred. *See Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir.1998) (en banc) ("[t]he heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest.")

Plaintiff describes would not constitute a constitutional violation. Accordingly, because Plaintiff has failed to state a claim upon which relief may be granted, his complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  8  day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE